## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **MICHAEL SCHAMACH** | : | No.   18-595 |
| a/k/a "MIKHAIL" | | |

## PRETRIAL DETENTION ORDER

**AND NOW**, this 4th day of January, 2019, upon consideration of the Defendant's Appeal of Magistrate Judge's Detention Order and Motion for Pre-Trial Release (Doc. No. 8), and after an evidentiary hearing and argument of counsel for the Government and Defendant Schamach, the Court finds that:

> (a) the Government has proved by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of other persons and the community, as required by Title 18, United States Code, Section 3142(e);
>
> (b) the Government has proven by a preponderance of evidence that that no condition or combination of conditions will reasonably assure the defendant's appearance in court, as required by Title 18, United States Code, Section 3142(e); and concludes, therefore, that this case is appropriate for detention under Title 18, United States Code, Section 3142(e) based on the following findings:

**A. Probable Cause And The Evidence In This Case:**

1. There is probable cause to believe that the defendant has committed the crimes of Enticement of a Minor to Engage in Sexual Activity, in violation of 18 U.S.C. §2422(b), and Attempted Manufacture of Child Pornography, in violation of 18 U.S.C. § 2251(a)(e) as found by

the Grand Jury and charged in the Indictment[1].

2. The evidence in this case is considerable. Mr. Schamach's overtures are all captured in text messages and apparently will be corroborated by phone records. Mr. Schamach provided unmasked photographs of himself during his exchanges, from which he is readily identified. He was explicit in his desires, including his insistence that he be given images of his intended victim's genitals. He was arrested when he arrived at the hotel as previously agreed, and by all accounts provided to the Court thus far, he was eager and equipped to carry out the molestation of an 11-year-old girl as he had detailed in his texts.

## B. Maximum and Mandatory Minimum Penalties:

Attempted manufacturing of child pornography, 18 U.S.C. § 2251(a) and (e), carries a maximum penalty of 30 years' incarceration, with a mandatory minimum 15-year term, a minimum 5-year term up to a lifetime of supervised release, a $250,000 fine, restitution, and a $100 special assessment, and, if found to be non-indigent, an additional mandatory $5,000 special assessment that must also be imposed pursuant to 18 U.S.C. § 3014.

Use of an interstate commerce facility to entice a minor to engage in illicit sexual conduct, prohibited by 18 U.S.C. § 2422(b), carries a maximum penalty of life imprisonment, with a mandatory minimum 10-year term, a minimum 5 years up to a lifetime of supervised release, a $250,000 fine, restitution, and a $100 special assessment, and, if found to be non-indigent, an additional mandatory $5,000 special assessment that must also be imposed pursuant to 18 U.S.C. § 3014.

Mr. Schamach thus faces a possible sentence of incarceration for the remainder of his life, a minimum mandatory 15-year term of imprisonment, a minimum 5 years up to lifetime

---

1 Probable cause was not contested for purposes of the detention issues at this time.

2

supervised release, $500,000 in fines, and a $200 special assessment, and if found to be non-indigent, a total mandatory penalty of $10,000 must be imposed.

### C. Estimated Guideline Ranges:

The Government estimates Mr. Schamach's recommended sentence under the applicable Sentencing Guidelines to be 292-365 months in prison.

### D. Criminal Record

Mr. Schamach has no recorded criminal history.

### E. Community Ties/Employment

Neither Defendant nor the Government provided any information concerning any employment Mr. Schamach may have. Though he has general familial community ties, there was no explanation as to why those ties could be reliably considered to be sufficient to assure his appearance and/or prevent him from committing crimes as alleged in this case, which involved a detailed plan to rape a child.

### F. The Presumption

The charges in this case carry a rebuttable presumption that Mr. Schamach must be detained; that is, that no condition or combination of conditions will reasonably assure the safety of the community or the appearance of the defendant as required if the defendant is released pending trial. See 18 U.S.C. § 3142(e)(3)(E). This case presents a good example to support such a presumption. The presumption has not been rebutted.

Therefore, **IT IS ORDERED** that Defendant Schamach continue to be committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

that Defendant be afforded reasonable opportunity for private consultation with counsel; and that, on order of a court of the United States, or on request of an attorney for the Government, the person in charge of the corrections facility in which Defendant is confined deliver Defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

**IT IS FURTHER ORDERED** that within seven (7) days of the date of the January 3, 2019 hearing on this matter, Mr. Schamach be seen and examined in a suitably substantive manner by a credentialed Bureau of Prisons (BoP) health care professional and that all available prior medical and pharmaceutical prescriptions issued to or for Mr. Schamach be reviewed by such BoP professional for possible use with respect to Mr. Schamach's current medical and/or psychological diagnosis and documented conditions. Furthermore, in the event circumstances concerning Mr. Schamach change, counsel shall promptly notify the Court.

BY THE COURT:

  /s/ Gene E.K. Pratter
GENE E.K. PRATTER
United States District Judge